[Cite as *Dhalow v. Dept. of Rehab. & Corr.*, 2010-Ohio-4976.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ABDURAHMAN MOHAMED DHALOW

Plaintiff

v.

DEPARTMENT OF REHABILITATION AND CORRECTION

Defendant

Case No. 2009-05137

Judge Alan C. Travis
Magistrate Matthew C. Rambo

JUDGMENT ENTRY

{¶ 1} Plaintiff brings this action alleging that an employee of defendant assaulted him. A trial was held on the issue of liability. On July 22, 2010, the magistrate issued a decision recommending judgment for defendant.

{¶ 2} Civ.R. 53(D)(3)(b)(i) states, in part: "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)." On August 19, 2010, with leave of court, plaintiff filed his objections. Defendant did not file a response.

{¶ 3} At all times relevant, plaintiff was an inmate in the custody and control of defendant at the Southern Ohio Correctional Facility pursuant to R.C. 5120.16. In his complaint, plaintiff alleges that on February 17, 2009, Corrections Officer Philip Markins used unreasonable force on plaintiff for speaking in a disrespectful manner. Plaintiff also alleges that after the incident, Markins wrote a conduct report stating that plaintiff "started to throw a cup of liquid at him." Plaintiff further alleges that he was found not

guilty. The magistrate determined that Markins acted in self defense when he administered chemical mace against plaintiff and that such force was not excessive.

{¶ 4} In his first objection, plaintiff asserts that the magistrate erred in granting defendant's motion to quash plaintiff's subpoena issued to Larry Greene. The court disagrees.

{¶ 5} Civ.R. 45(3)(a) provides that "[o]n timely motion, the court from which the subpoena was issued shall quash or modify the subpoena, or order appearance or production only under specified conditions, if the subpoena * * * [f]ails to allow reasonable time to comply." The record shows that on April 22, 2010, plaintiff issued a subpoena to Greene; that on April 23, 2010, defendant filed a motion to quash the subpoena; and that on April 26, 2010, defendant filed an affidavit from Greene wherein Greene stated that he received the subpoena on April 26, 2010, one day before trial, but that he was scheduled to attend a mandatory training seminar on the day of trial. In light of these facts, the court finds that the magistrate complied with Civ.R.45 in quashing the subpoena. Plaintiff's first objection is OVERRULED.

{¶ 6} In his second objection, plaintiff asserts that the magistrate erred in finding that plaintiff was holding a cup containing an unknown liquid when Markins appeared before plaintiff's cell. The magistrate specifically found Markins to be a more credible witness than plaintiff. It is well-settled that the magistrate, as the trier of fact, is in the best position to weigh the testimony and assess the credibility of witnesses. *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80. Moreover, inasmuch as plaintiff failed to provide the court with a transcript of the evidence necessary for the court to review his objection, plaintiff's objection is OVERRULED. See Civ.R. 53(D)(3)(b)(iii).

{¶ 7} Upon review of the record, the magistrate's decision and the objections, the court finds that the magistrate has properly determined the factual issues and appropriately applied the law. Therefore, the objections are OVERRULED and the court adopts the magistrate's decision and recommendation as its own, including findings of

fact and conclusions of law contained therein. Judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
ALAN C. TRAVIS
Judge

cc:

Amy S. Brown                              Abdurahman Mohamed Dhalow, #527-094
Kristin S. Boggs                          P.O. Box 45699
Assistant Attorneys General               Lucasville, Ohio 45699
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

GWP/mdw/cmd
Filed October 7, 2010
To S.C. reporter October 12, 2010